IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK WILLIAMS AND CINDY WILLIAMS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA f/k/a COUNTRYWIDE HOME LOANS; AMERICA'S WHOLESALE LENDER; MERIDIAN CAPITAL, INC.; ANATOLY STAVCHANSKY; WILLIAM J HAND JR.; JEFFREY B WIND; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | 2:09-CV-3060-JAM-KJM<br><br><u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' CROSS MOTION TO DISMISS</u> |

　　This matter comes before the Court on Defendant Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender's ("AWL's") and Defendant BAC Home Loans Servicing, L.P.'s ("BAHL's") (erroneously sued as "Bank of America f/k/a Countrywide Home Loans") (collectively "Defendants'") Combined Motion to Dismiss and Motion to Strike ("MTD") Plaintiff Frank Williams' and Plaintiff Cindy Williams' (collectively "Plaintiffs'") First

1

Amended Complaint. The motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The motion to strike is brought pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff also bring a Cross Motion to Dismiss for Lack of Jurisdiction (Doc. 24), and a Cross Motion to Strike (Doc. 29). Defendants oppose Plaintiffs' cross motions.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2007, Plaintiffs entered into a loan agreement with Defendant AWL to refinance property at 757 Bramblewood Avenue, Lathrop, California ("subject property"). The terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust ("Deed"). The Deed identified ReconTrust Company N.A. as Trustee, and Defendant AWL as Lender.

Plaintiffs allege that Defendants willfully and fraudulently placed them into an improper loan and failed to provide required disclosures. Plaintiffs filed a First Amended Complaint ("FAC") on February 18, 2010 alleging seven state causes of action. (Doc. No. 13.) Defendants filed this motion on March 3, 2010. (Doc. No. 19.) Plaintiffs filed a Statement of Non-Opposition on May 5, 2010 in which Plaintiffs did not

---

[1] All motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

address the MTD but rather asked the Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction. (Doc. No. 23.) On the same day, Plaintiffs filed a Cross Motion to Dismiss for lack of subject matter jurisdiction.

## II. OPINION

A. <u>Legal Standard</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1975), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009), <u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). Upon granting a motion to dismiss for failure to state a claim, the court has discretion

to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

Generally, the court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. <u>Sherman v. Stryker Corp.</u>, 2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. <u>Id.</u> Here, Defendants request judicial notice of the Note, Deed of Trust, Truth in Lending Disclosure Statement, Loan Application Disclosure Acknowledgements, Uniform Residential Loan Application, and U.S. Party Index/Case Name Search Results for cases filed by attorney Sharon Lapin against various mortgage companies. (Docket No. 19.) The Court takes judicial notice of the documents as requested, as they are either relied on by Plaintiffs in their FAC or matters of public record.

A motion to strike is appropriate where the matter pled in the complaint is "redundant, immaterial, impertinent or

4

scandalous." Fed. R. Civ. P. 12(f). A court may strike prayers for relief which seek remedies that are unavailable as a matter of law, on the grounds that such remedies are immaterial. See Moreno v. The GEO Group, Inc., 2009 WL 841139, at *5 (E.D. Cal. Mar. 26, 2009).

B. Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a). "Under 28 U.S.C. § 1367(c), a district court 'may decline to exercise supplemental jurisdiction ... [if] the district court has dismissed all claims over which it has original jurisdiction.' The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity." Meza v. Matrix Servicing, 2010 WL 366623, at *3 (E.D. Cal. Jan. 26, 2010) (internal citations omitted)).

This case has been pending since November 2009. Plaintiffs' FAC does not address any of the issues alleged in Defendants' previous Motion to Dismiss for failure to state a claim, filed in December 2009. Rather, Plaintiffs omit the

5

federal claims from the FAC and attempt to have the case dismissed for lack of subject matter jurisdiction. Plaintiffs had the opportunity to file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) and re-file this case in state court. However, Plaintiffs chose to consume judicial resources and delay the proceedings. In the interest of fairness, convenience, and judicial economy, the Court does not wish to delay this matter any longer. Accordingly, the Court exercises its discretion to retain supplemental jurisdiction over this matter and rule on the merits. Plaintiffs' Cross Motion to Dismiss for Lack of Jurisdiction is DENIED.

C. Claims for Relief

    1. Fraud

A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of the mind of a person may be averred generally." Fed. R. Civ.

P. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988). "Moreover, in a fraud action against a corporation, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Saldate v. Wilshire Credit Corp., 2010 WL 582074, *at 9 (E.D. Cal. Feb. 12, 2010). (Quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991) (internal quotation marks omitted)).

Plaintiffs allege that Defendants committed fraud by: (1) approving a loan that they knew or should have known Plaintiffs were not qualified for, thereby misrepresenting to Plaintiffs that they could afford it; (2) failing to follow the legal requirements for transferring a negotiable instrument under California Commercial Code § 3301 ("Cal. Comm. Code § 3301"); and (3) misrepresenting to Plaintiffs that Defendant BAHL had acquired servicing rights.

As Defendants argue, Cal. Civ. Code § 2924, et seq., and not Cal. Comm. Code § 3301, governs non-judicial foreclosures. See Pok v. American Home Mortg. Servicing, Inc., 2010 WL 476674,

at *7 (E.D. Cal. Feb. 3, 2010); Peay v. Midland Mortg. Co., 2010 WL 476677, at *4 (E.D. Cal. Feb 3, 2010) (Cal. Comm. Code § 3301 does not apply to non-judicial foreclosure.).

Furthermore, Plaintiffs fail to allege fraud with the required particularity to state a plausible claim for relief. The FAC fails to satisfy the "who, what, when, where and how" requirements as to Defendants. See Day v. American Home Mortg. Servicing Inc., 2010 WL 2231988, at *2 (E.D. Cal. June 3, 2010); Sorenson v. Countrywide Home Loans, Inc., 2010 WL 308794, at *7 (E.D. Cal. Jan. 12, 2010) ("Simply alleging that Defendant's misrepresented themselves is insufficient."). Plaintiffs' allegations that they were harmed and suffered damages are conclusory and insufficient to support a fraud-based claim under Rule 9(b). Consequently, the FAC fails to state a claim upon which relief can be granted and further amendment would be futile. Accordingly, Plaintiffs' claim for fraud is DISMISSED, with prejudice.

2. Breach of Fiduciary Duty

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008). In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan

transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage broker, no such duty is imposed on a lender. Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989). Thus, as the "mere lender of money", AWL holds no fiduciary duty towards Plaintiffs. As such, Plaintiffs fail to state a claim upon which relief can be granted and the FAC cannot be saved by amendment. Accordingly, Plaintiffs' claim for breach of fiduciary duty is DISMISSED, with prejudice.

   3. Breach of Contract

   In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

   Plaintiffs allege that "Defendant AWL breached its agreement with Plaintiffs when it approved and sold Plaintiffs a predatory loan with toxic terms." Plaintiffs does not allege where in the loan agreement, or any contract, these promises were explicitly memorialized. A breach of contract claim rests upon the actual terms of a contract and Plaintiffs fail to

allege any breach of the express provisions of a contract. See Nichols v. Greenpoint Mortgage Funding, Inc., 2008 WL 3891126, at *4 (C.D. Cal. Aug. 19, 2008) (dismissing breach of contract claim where "[p]laintiff has failed to set forth any provisions of the Notes that were breached."). Consequently, the FAC fails to state a claim upon which relief can be granted and further amendment would be futile. Accordingly, Plaintiffs' claim for breach of contract is DISMISSED, with prejudice.

    4.   <u>Rescission of Contract (in the alternative)</u>

Cal. Civ. Code 1691(b) requires a party seeking rescission to "[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise. . . ." See Garza v. Am. Home Mortgage, 2009 WL 188604, at *4-5 (E.D. Cal. Jan 27, 2009) (dismissing rescission request because "rescission is an empty remedy without [Plaintiff's] ability to pay back what she has received."). As Defendant argues, Plaintiffs are not entitled to rescission because they have not alleged tender of the loan pursuant to Cal. Civ. Code 1691(b). As such, the FAC fails to state a claim upon which relief can be granted and further amendment would be futile. Accordingly, Plaintiffs' claim for rescission of contract is DISMISSED with prejudice.

5. <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiffs allege that Defendant AWL breached the implied covenant of good faith and fair dealing by: (1) failing to provide disclosures; (2) directing Plaintiffs into a toxic loan; (3) abetting Plaintiffs' brokers' allegedly tortuous conduct; (4) failing to pay at least as much regard to Plaintiffs' interests as to Defendants' interests; and (5) failing to comply with applicable laws.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." <u>Fortaleza v. PNC Fin. Servs. Group, Inc.</u>, 2009 U.S. Dist. LEXIS 64624 **15-16 (N.D. Cal. July 27, 2009).

Here, Plaintiffs cannot establish a plausible claim for relief. As discussed above, Defendants owe no duty to Plaintiffs to act in their interest. Indeed, "[a] commercial lender is entitled to pursue its own economic interest in a loan transaction." <u>Nymark</u>, 231 Cal. App. 3d at 1093, n.1. Furthermore, Plaintiffs have not plead sufficient facts to support an agency allegation under which Defendants could be responsible for the actions of Plaintiffs' brokers. Further amendment would be futile, thus Plaintiffs' claim for breach of

implied covenant of good faith and fair dealing is DISMISSED with prejudice.

    6. Negligence

In order to state a cause of action for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996). The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. Ky. Fried Chicken of Cal., Inc. v. Superior Court, 14 Cal. 4th 814, 819 (1997); Isaacs v. Huntington Mem'l Hosp., 38 Cal. 3d 112, 124 (1985).

In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark, 231 Cal. App. 3d at 1096. Therefore, AWL, as lender, owes no duty to Plaintiff. As such, Plaintiffs fail to state a plausible claim for negligence and the FAC cannot be saved by amendment. Accordingly, Plaintiffs' claim for negligence is DISMISSED, with prejudice.

    7. Violation of the California Rosenthal Act

Plaintiffs allege that Defendant BAHL violated the California Rosenthal Fair Debt Collection Practices Act

("RFDCPA") by: (1) using unfair and unconscionable means to collect a debt not owed to it; (2) making false reports to credit reporting agencies about Plaintiff's credit standing; and (3) charging excessive fees not permitted by law or contract.

Based on the language of the RFDCPA, courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA. See Ines v. Countrywide Home Loans, Inc., 2008 WL 4791863, at *3 (S.D. Cal. 2008) (stating Plaintiff's mortgage debt claim did not fall within the meaning of the RFDCPA); Pittman v. Barclays Capital Real Estate, Inc., 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing Plaintiff's mortgage-related RDFCPA claim for failing to "invoke statutory protections"). Thus Defendant BAHL, a loan servicer, is not a "debt collector" under the statute.

Plaintiffs have failed to demonstrate that the RFDCPA applies to Defendant. Plaintiffs have not stated a plausible claim under the RFDCPA and the FAC cannot be saved by amendment. Accordingly, Plaintiffs' claim for violation of RFDCPA is DISMISSED, with prejudice.

8. Violation of Bus. & Prof. Code § 17200, et seq.

The California Business & Professions Code § 17200, et seq. ("UCL") prohibits unfair competition. This statute has a "broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also

'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'" Hauk v. JPMorgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)).

While the statute is broad in scope, a plaintiff must still plead his claim so as to establish a violation of the "other law" or unfair practice in question. See Constantini v. Wachovia Mortg. FSB, 2009 WL 1810122, at *3 (E.D. Cal. June 24, 2009) (citing Walker v. Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1169-70 (2002)). As discussed above, Plaintiffs have failed to state any claim upon which relief can be granted. Accordingly, Plaintiffs' UCL claim is DISMISSED with prejudice.

D.  Motions to Strike

Because the Court is dismissing all of Plaintiffs' claims with prejudice, Defendants' motion to strike is MOOT.

Plaintiffs bring a cross motion to strike. The declaration and documents which Plaintiffs ask the Court to strike pertain to a motion for sanctions which has not yet been filed by Defendants.

E. Sanctions

Defendants have asked the Court for leave to file a motion for sanctions against Plaintiffs' attorney, Sharon Lapin, and Ms. Lapin's supervising attorney, James Sandison, for delay and improper conduct in this case. Defendants also submitted various

14

documents and a declaration to support their request for sanctions. (Docs. 27, 28, 30). In response, Plaintiffs filed a motion to strike the supporting documents (Doc. 29), which Defendants oppose. (Doc. 30). As discussed above, Plaintiffs' motion to strike is premature as it concerns documents which Defendants apparently intend to use in support of a motion not yet filed. Accordingly, Plaintiffs' motion to strike is DENIED, without prejudice to re-file should Defendants file a motion for sanctions. The Court also refuses to respond to Defendants request for leave to file a motion for sanctions since such request is not properly before the Court and appears to seek an improper advisory opinion on an issue (sanctions) that is not formally before this Court.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss and DISMISSES all of Plaintiffs' claims WITH PREJUDICE. Defendants' motion to strike is MOOT. Plaintiffs' Cross Motion to Dismiss for Lack of Jurisdiction is DENIED. Plaintiffs' Cross Motion to Strike is DENIED.

IT IS SO ORDERED.

DATED: July 29, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE